FILED

NOT FOR PUBLICATION

SEP 11 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEITH MCIVER, | No. 23-55306 |
| Plaintiff-Appellant, | |
| v. | D.C. No.<br>8:21-cv-01967-DOC-ADS |
| METROPOLITAN LIFE INSURANCE<br>COMPANY; THE BOEING COMPANY;<br>EMPLOYEE BENEFIT PLANS<br>COMMITTEE; DOES, 1 through 10,<br>inclusive, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted August 16, 2024
Pasadena, California

Before: BADE and FORREST, Circuit Judges, and CURIEL,[**] District Judge.

Appellant Keith McIver appeals the district court's Federal Rule of Civil

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Gonzalo P. Curiel, United States District Judge for the Southern District of California, sitting by designation.

Procedure 12(b)(6) order dismissing his second amended complaint ("SAC") with prejudice for failing to state a claim. McIver brought this action for breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3)(B), against Appellees the Boeing Company ("Boeing"), Employee Benefit Plans Committee ("EBPC"), and Metropolitan Life Insurance Company ("MetLife"), and a claim for recovery of plan benefits under 29 U.S.C. § 1132(a)(1)(B) against MetLife.[1] We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand in part, and affirm in part.

We review *de novo* a district court's order dismissing a complaint for failure to state a claim, and we "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Bafford v. Northrop Grumman Corp.*, 994 F.3d 1020, 1025 (9th Cir. 2021) (quoting *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019)).

1.      McIver argues that Appellees breached their fiduciary duties by charging, deducting, and accepting premiums for his dependent life insurance policy ("Policy") covering his ex-wife. Specifically, McIver contends that Appellees' conduct was improper because they knew that he and his ex-wife were

---

[1] McIver also appeals the district court's order dismissing the first amended complaint against Boeing and EBPC for failure to state a claim, and the district court's order denying his motion for reconsideration. Because the parties rely on the allegations in the SAC, which is the operative pleading, we only consider McIver's appeal of the dismissal order of the SAC.

divorced and, therefore, his ex-wife was ineligible for coverage under the Policy.[2]

To state a claim for breach of fiduciary duty under ERISA, McIver must allege

facts to establish that "(1) the defendant was a fiduciary; and (2) the defendant

breached a fiduciary duty; and (3) the plaintiff suffered damages." *Bafford*, 994

F.3d at 1026 (first citing 29 U.S.C. § 1109(a); and then citing *Mathews v. Chevron

Corp.*, 362 F.3d 1172, 1178 (9th Cir. 2004)).

To the extent that McIver is challenging Boeing's and EBPC's conduct of

solely calculating and collecting life insurance premiums, we affirm the district

court's dismissal of McIver's breach of fiduciary duty claim because the district

court correctly concluded that these actions were ministerial. *See Bafford*, 994

F.3d at 1028.

To the extent McIver also alleges that EBPC, as a Plan[3] fiduciary, and

Boeing, as a functional fiduciary, 29 U.S.C. § 1002(21)(A), were performing

fiduciary functions when they continued to charge, deduct, and collect premiums

after receiving his Qualified Domestic Relations Order ("QDRO") notice stating

that he was divorced, we conclude that McIver plausibly alleged that EBPC and

Boeing were acting as fiduciaries when they continued to collect premiums in

---

[2] According to the Policy, coverage for a dependent, including a "lawful spouse," will terminate on the earliest of, among other things, "the date the person ceases to be a Dependent."

[3] The Boeing Company Employee Health and Welfare Benefit Plan.

these circumstances.  Therefore, the allegations in the SAC were sufficient to defeat a motion to dismiss as to the existence of a fiduciary relationship.  *See Pegram v. Herdrich*, 530 U.S. 211, 226 (2000); *Aetna Health Inc. v. Avila*, 542 U.S. 200, 220 (2004).

We also conclude that McIver plausibly alleged that Boeing and EBPC breached their fiduciary duties by failing to investigate McIver's ex-wife's continued eligibility for dependent life insurance coverage after McIver submitted the QDRO stating that he was divorced.[4]  *See* 29 U.S.C. § 1104(a)(1) (duty of loyalty); 29 U.S.C. § 1104(a)(1)(B) (duty of prudence); *Barker v. Am. Mobil Power Corp.*, 64 F.3d 1397, 1403 (9th Cir. 1995) (ERISA's duty to act in the best interests of the plan participants and beneficiaries includes a duty to investigate suspicions that one has concerning the plan); *see also Patterson v. Reliance Standard Life Ins. Co.*, 986 F. Supp. 2d 1140, 1150 (C.D. Cal. 2013).  Thus, these allegations relating to duty in the SAC were sufficient to defeat a Rule 12(b)(6) motion, and we reverse the district court's dismissal of the breach of fiduciary claims against Boeing and EBPC, and remand for further proceedings.  On remand, however, when considering the merits of McIver's claims, the district court will

---

[4] The QDRO incorrectly stated that McIver and his wife were divorced on April 1, 2019, when in fact, the Judgment of Dissolution was filed on January 30, 2020. Although a change of marital status had not occurred at the time that McIver submitted the QDRO, Boeing and EBPC may have had a duty to investigate whether McIver's ex-wife remained eligible for dependent coverage.

need to determine in the first instance whether McIver provided sufficient notice to trigger any fiduciary duties owed by Boeing and the EBPC, and if so, whether these entities breached those duties. *See Becker v. Williams*, 777 F.3d 1035, 1041–42 (9th Cir. 2015) (examining substantial compliance with governing plan documents pursuant to state law).

McIver has not plausibly alleged that MetLife had a fiduciary duty to monitor the eligibility of Boeing employees and their dependents for insurance coverage on a daily basis. Further, McIver did not plausibly allege that MetLife had notice or knowledge of his divorce when it continued to accept premiums from Boeing before it correctly denied his benefit claim. We affirm the district court's dismissal of the breach of fiduciary duty claim against MetLife.

2.       McIver also challenges the dismissal of his claim against MetLife for recovery of plan benefits under 29 U.S.C. § 1132(a)(1)(B). McIver asserts that the incontestability clause in the Policy bars MetLife from denying his claim for benefits. We disagree. The Policy's incontestability clause applies to statements regarding insurability made at the time of a new application or enrollment. The incontestability clause does not apply to McIver's statements regarding his change in marital status and any related eligibility determination. Thus, we affirm the district court's dismissal of the claim for recovery of plan benefits.

**REVERSED AND REMANDED IN PART.  AFFIRMED IN PART.[5]**

---

[5] Each party to bear its own costs.